UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JUSTUS EMBRY                                                                                      PLAINTIFF

v.                                                                                         CIVIL ACTION NO. 3:13CV-673-S

AP LOGISTICS WAREHOUSE MANAGEMENT
SERVICES, INC., et al.                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on motion of the defendant, AP Logistics Warehouse Management Services, Inc. ("AP Logistics"), for summary judgment on the claims against it in this personal injury action. The complaint was filed in the Bullitt County, Kentucky, Circuit Court and was removed to this court under our diversity jurisdiction. The plaintiff, Justus Embry ("Embry"), filed suit against his employer, AP Logistics; an individual, Martin E. Kaufmann; Go-To Transport, Inc.; and J3 Transport, LLC for injuries he sustained when he was struck by a vehicle allegedly operated by Kaufmann at AP Logistics' Shepherdsville, Kentucky, facility.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed

issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

There is no dispute of fact with respect to the pertinent issue on this summary judgment. It is undisputed that Embry has received workers' compensation benefits through AP Logistics' workers' compensation carrier in connection with this incident.

The Kentucky Workers' Compensation Act provides that

> If injury or death results to an employee through the deliberate intention of his employer to produce such injury or death, the employee or his dependents may take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed, for such damage so sustained by the employee, his dependents or personal representatives as is recoverable at law. If a suit is brought under this subsection, all right to compensation under this chapter shall thereby be waived as to all persons. If a claim is made for the payment of compensation or any other benefit provided by this chapter, all rights to sue the employer for damages on account of such injury or death shall be waived as to all persons.

KRS 342.610(4). A review of the complaint reveals no allegations that AP Logistics acted deliberately to injure Embry. Therefore, the workers' compensation statute operates to bar Embry's claims against his employer who has paid him benefits. *See Blanton v. Cooper Industries, Inc.*, 99 F.Supp.2d 797 (E.D.Ky. 2000). Summary judgment will be granted in favor of AP Logistics by separate order.

**IT IS SO ORDERED.**

July 28, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**